1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN WAYNE BONILLA,                          No.  2:18-cv-2108 DB P

12                        Plaintiff,

13         v.                                         ORDER

14    STEPHANIE GOMEZ, et al.,

15                        Defendants.

16

17            Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff has filed an application to proceed in forma pauperis pursuant to 28

19    U.S.C. § 1915.

20            The federal venue statute provides that a civil action "may be brought in (1) a judicial

21    district in which any defendant resides, if all defendants are residents of the State in which the

22    district is located, (2) a judicial district in which a substantial part of the events or omissions

23    giving rise to the claim occurred, or a substantial part of property that is the subject of the action

24    is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

25    this action, any judicial district in which any defendant is subject to the court's personal

26    jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

27            In this case, the claim arose in Alameda, which is in the Northern District of California.

28    Therefore, plaintiff's claim should have been filed in the United States District Court for the

Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

Dated: October 29, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

mp
boni2108.21a